**Harold W. ADAMS, Appellant,**

v.

**Kermit K. KLOEPPER, Appellee.**

No. 11042.

Court of Civil Appeals of Texas.

Austin.

Feb. 6, 1963.

Schleyer, Bartram, Reagan & Burrus, New Braunfels, for appellant.

Mark V. Fuchs, New Braunfels, for appellee.

ARCHER, Chief Justice.

This suit was filed by appellant against appellee as the sole heir of Richard E. Kloepper, deceased, for the recovery of a ½ partnership interest in certain shares of stock in Mission Valley Mills, Inc. and dividends paid thereon.

Harold Adams, appellant, and Richard E. Kloepper were friends and long time associates in business. They were both officials in banks in New Braunfels, Texas, and on and prior to 1931, partners in an insurance agency, and purchased and sold various stocks. In 1931 one share in the New Braunfels Textile Mills was purchased for $50.00 and the certificate was issued to Richard E. Kloepper. Other stock purchases were in the joint name of the partners. All such certificates were given to Mr. Adams for safekeeping. The one share, subject of this litigation, was placed in Adams' custody, who, according to his testimony, put the initials "K and A" on the certificate.

From time to time sales of stock were made by the partnership and the amounts deposited in a joint account. No dividends were paid on the share in the mills until 1942 when a cash dividend of $2.50 was paid. In 1945 a stock dividend was declared on a ratio of eight shares for one in 1949, the stock was split five to one, and in 1957 a split of three for one was made, so that the one share is now represented by 120 shares, and dividends aggregating $2,223.60 had been paid as of trial date.

In 1946 Richard E. Kloepper made an affidavit that the original certificate had been lost and requested and was issued a new certificate.

In January 1960 Mr. Adams asked Kermit Kloepper for a meeting so the partnership assets could be settled and learned of the affidavit and the issuance of the new certificate, and failing in a settlement, filed this suit.

The appeal is based on two points directed to the error of the court in excluding testimony concerning transactions with the deceased, and in failing to establish an express or resulting trust.

At the beginning of the trial the court did sustain objections to certain testimony offered by plaintiff as coming under the prohibition of Article 3716, Vernon's Ann.Civ. St., concerning transactions with the deceased. The testimony was claimed by appellant to be admissible because the appellee had taken the depositions of Adams and Herbert Seibert, and cited Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801.

Subsequently the court made the following ruling:

"THE COURT: All right. The Court is now going to change its ruling and let the whole thing in. Overrule your objection."

We therefore do not believe the first point to be of further merit.

■ Point No. 2 is that the overwhelming preponderance of the evidence showed that either an express trust had been created or that a resulting trust occurred.

Appellee takes the position that the evidence of appellant did not meet the requirements of the law to establish a trust, as such was not clear, satisfactory and convincing.

■ The testimony on which appellant relies does not establish part ownership in the stock by clear, definite and convincing evidence in our opinion, and the court being the trier of the facts and the judge of the sufficiency of the evidence, and having resolved such in favor of the appellee, we would not be justified in disturbing the judgment, unless it was so against the overwhelming preponderance of the evidence as to be clearly wrong and unjust.

The appellant is a capable business man and at all times was in a position to have the certificate changed to that of joint

ownership had he had an interest therein, but did not.

The appellant testified as to his association with Mr. Richard E. Kloepper as fellow officers in banks, and of the joint ownership of an insurance agency until such was dissolved in 1932, at which time Kloepper took such business. The witness detailed the purchases of various stocks and shares, and that all such purchases were from partnership funds, all such stocks were issued in the name of both Adams and Kloepper except the one share which was, as stated, issued in the name of Kloepper only, and that the initials "K and A" were written on the certificate by the witness. He further detailed circumstances and conditions existing at the time of the purchase and that in 1960 in a discussion with Kermit Kloepper he told Kloepper that he owned a half-interest in the stock.

The witness testified that he had forgotten all about the stock, but that it was purchased by both Kloepper and Adams from their insurance account, but that he did not have any proof.

The following is taken from the statement of facts:

"THE COURT: The objection to the statement, 'I certainly wouldn't have had that one if it didn't belong to the partnership,' and also, 'There was no reason at all why he would have given me that certificate, other than that it belong to both of us,' objection to that is sustained.

"MR. SCHLEYER: May it please the Court, we urge the fact that it is admissible, first of all because the testimony is elicited by Kermit Kloepper's counsel on cross examination, and it was responsive to the question that was asked, and we offer it on the bill.

"Would your read it, please?

"THE COURT: All right. The Court is now going to change its ruling and let the whole thing in. Overrule your objection.

"MR. FUCHS: Note my exception, for the reasons I have stated.

"THE COURT: All right.

"'A. No proof. No, I have no proof. No proof other than I was taking care of the other stock certificates, and I certainly wouldn't have had that one if it didn't belong to the partnership. Mr. Kloepper was certainly able to take care of his own affairs. He didn't have to trust me. I didn't have to be custodian of anything that belonged to him. I never have. All the time we were in the bank together, he had a little black box he kept in the vault, it was locked, where he had all his certificates, whatever he owned, deeds and everything, he had in that box sitting in the main vault on the shelf. So there was no reason at all why he would have given me that certificate, other than that it belonged to both of us.' "

By deposition on cross examination Mr. Adams testified that he assisted Mr. Kloepper from time to time in his insurance business and after Richard E. Kloepper's death he accepted from Kermit Kloepper deposits in the years 1951 and 1952, some of which were from New Braunfels Textile Mill, and might have commented on such dividends as being good.

■ The presumption is that title to the certificate was vested in Richard E. Kloepper, being the only person named therein.

■ The appellant had knowledge of the manner in which the certificate was issued and is chargeable with the facts and should have made further inquiry and is not excused in failing to discover the fraud, if such there be. 28 Tex.Jur., Sec. 70, p. 159.

The Rule is stated in 3-B Tex.Jur., Sec. 892, p. 327. Couch v. Sparger et al., Tex. Civ.App., 252 S.W. 817, no. writ history.

Since we are affirming the judgment of the Trial Court in rendering judgment, it is not necessary to pass on the questions of laches or limitation.

The judgment of the Trial Court is affirmed.

Affirmed.